UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                      Plaintiff,

                                                                         <u>DECISION AND ORDER</u>

                                                                          08-CR-6259L

                  v.

OMARI GRAHAM,

                      Defendant.

---

This Court referred all pretrial matters in this criminal case to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). Defendant, Omari Graham ("Graham"), is charged in an indictment with a firearms offense and a narcotics offense. Graham has moved to suppress physical evidence seized from him on October 17, 2008. He also seeks to suppress a statement made to the arresting officers on that occasion.

Magistrate Judge Payson conducted a hearing on Graham's suppression motions. Three deputies from the Monroe County Sheriff's Office testified. No witnesses testified for the defense.

At the conclusion of the hearing and after receiving submissions, Magistrate Judge Payson issued a thorough 17-page Report and Recommendation (Dkt. #32) recommending that

Graham's motions to suppress his statement and the physical evidence be denied. Graham's counsel filed objections (Dkt. #38) and Graham also filed objections (Dkt. #37) *pro se*.

This is not the first time that Graham has filed *pro se* papers in this case. In August 2009, for example, Graham, *pro se*, filed what amounted to a memorandum of law in support of his suppression motion (Dkt. #22), notwithstanding the facts that his attorney had already done so (Dkt. #13), and that his attorney had been given time to file a post-hearing brief, which he timely did in September 2009. Dkt. #26.

Before turning to the merits, I advise Graham that "[a]lthough criminal defendants possess both the right to appear *pro se* and to appointed counsel, ordinarily "those rights cannot both be exercised at the same time." *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977), *cert. denied*, 435 U.S. 976 (1978). Thus, "a criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney." *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) (citing *Ennis*, 560 F.2d at 1075).

Graham has neither moved for an order permitting him to act as co-counsel, nor has he presented any reason why the interests of justice would be served by permitting him to supplement his counsel's advocacy in this fashion. Furthermore, Graham's *pro se* submissions add nothing of substance to the papers filed by his attorney, and, if anything, might "unwittingly prejudice his own case by making an unwary admission" or concession. *United States v. Parker*, No. 08-CR-6270, 2009 WL 5342774, at *3 (W.D.N.Y. Dec. 22, 2009). While I have read and considered Graham's most recent *pro se* submission, then, the Court will not accept further *pro se* motions from Graham while he remains represented by counsel.

In her Report and Recommendation, the Magistrate Judge carefully set forth the facts concerning the events that occurred on the evening of October 16, 2008 and into the early morning hours of October 17. Magistrate Judge Payson accurately summarized the testimony as to the reason why Deputy Gregory Wildman originally stopped the white Honda automobile in which Graham was a passenger. Wildman and other officers were questioned at the suppression hearing at some length as to the reason and basis for the initial stop, which the Magistrate Judge determined to be proper.

But, as Magistrate Judge Payson held, the unprovoked, and voluntary actions of Graham transformed that initial stop into something far more serious. The facts demonstrate that after Graham was directed to remain in the car while Officer Wildman dealt with the driver (who was then sitting in a police vehicle), Graham suddenly leapt over the console into the driver's seat and drove the Honda away from the scene at a high rate of speed. At one point, one of the deputies estimated that Graham was driving 100 miles per hour in an area where the posted speed was 40 miles per hour. Testimony established that Graham lost control of the vehicle, it crashed and Graham fled the scene on foot. About five minutes later, one of the deputies found Graham lying face down in a back yard near the scene of the crash. It was at that point that Graham made a spontaneous statement that "my life is over" (Tr. at 73). Incident to that arrest, Graham was searched and a bag of marijuana and a ski mask were recovered.

I agree with Magistrate Judge Payson's analysis that once Graham took off and fled the scene, committing multiple traffic violations, the officers properly pursued and arrested him. Whatever occasioned the initial stop became largely irrelevant in light of Graham's flight from

the scene. The Fourth Amendment "fruit of the poisonous tree" doctrine has no bearing whatsoever in this situation, even had the initial stop been improper, in light of Graham's subsequent serious criminal actions.

In his objections to the Report and Recommendation, defense counsel cites *United States v. Swindle*, 407 F.3d 562, 568 (2d Cir.), *cert. denied*, 546 U.S. 913 (2005), for the proposition that "an illegal stop cannot be made legal by incriminating behavior that comes after the suspect is stopped." Dkt. #38 at 3. This case, however, involves more than simply "incriminating behavior" that occurred after Graham had been stopped. As Magistrate Judge Payson correctly noted, Graham committed new crimes by recklessly driving away at high speed, which were independent of the underlying reasons for the traffic stop. *See United States v. Sprinkle*, 106 F.3d 613, 619-20 (4th Cir. 1997); *United States v. Crawford*, No. 07-cr-116, 2007 WL 4224735, at *9 (N.D.Ga. Nov. 27, 2007). To apply the exclusionary rule in such a situation "would give a defendant 'an intolerable carte blanche to commit further criminal acts so long as they are sufficiently connected to the chain of causation started by the [alleged] police misconduct.'" *United States v. Jackson*, No. A04-141 CR, 2005 WL 1115466, at *17 (D.Alaska May 10, 2005) (quoting *United States v. Bailey*, 691 F.2d 1009, 1017 (11th Cir. 1982)).

I conclude, therefore, that Magistrate Judge Payson correctly viewed this situation based on Graham's reckless driving and flight, and the ensuing police conduct. The deputies surely had probable cause to arrest Graham when they found him lying in a field near the scene of the automobile crash, and the search of his person was proper as incident to a valid arrest.

I agree with Magistrate Judge Payson that the seizure of the physical items was proper, and I also find that Graham's statement, which he now seeks to suppress was not the product of any interrogation but was a spontaneous utterance.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #32) of United States Magistrate Judge Marian W. Payson. I deny in all respects defendant's motion to suppress physical evidence and to suppress his statement (Dkt. ##5, 13, 22).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 2, 2010.