UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                  Plaintiff,

                                                                                 <u>DECISION AND ORDER</u>

                                                                                  08-CR-6259L

                      v.

OMARI GRAHAM,

                                Defendant.
_____

       This Court referred pretrial motions in this criminal case to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).  Several motions were filed but the motion at issue now is defendant's motion to preclude expert testimony concerning canine tracking and nitrate detection on the grounds that such testimony is not reliable expert testimony under standards established by *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993).

       After conducting hearings and taking testimony, Magistrate Judge Payson issued a thorough, 32-page Report and Recommendation that this Court deny defendant's motion to preclude testimony. Defendant duly filed objections to the Report and Recommendation (Dkt. #64) and, therefore, the matter is before this Court on review.

       I have carefully reviewed the Report and Recommendation of Magistrate Judge Payson, the objections and note that the transcripts of the suppression hearings (Dkts. #44 and #57) have been prepared for my review.

       I accept and adopt the Report and Recommendation of Magistrate Judge Payson.  I see no reason to alter, modify or reject that recommendation and, therefore, conclude that defendant's motion to preclude testimony should be denied.

I conclude that the Government may introduce testimony by the officers relative to the search conducted with their canine partners on or about October 17, 2008.

I agree with the Magistrate Judge's assessment that both the training and experience of the officers and their respective dogs is sufficiently reliable to allow such testimony to be presented to the jury. Magistrate Judge Payson analyzed this testimony under the standards enunciated by *Daubert* and its progeny. Magistrate Judge Payson determined that under those standards, testimony about the training of the canines in question and the reliability of the dogs' actions is proper under the *Daubert* analysis. The evidence may be presented to the jury. Obviously, defense counsel may cross examine the witnesses and attempt to convince members of the jury that they should not accept such testimony. The Court, though, in its gate-keeping function under *Daubert* believes that the proffered testimony is sufficiently reliable under the standards established by *Daubert* and meets the test of relevant evidence.

## CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson (Dkt. #63).

I deny defendant's motion to preclude testimony relative to the canine searches that occurred on October 17, 2008. This includes both fact testimony and expert testimony.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 18, 2011.