UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                          DECISION AND ORDER

                                                          08-CR-6259L

                    v.

OMARI GRAHAM,

                              Defendant.
_____


        Defendant, Omari Graham ("Graham"), was convicted after a jury trial of being a felon in

possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  The jury returned its

verdict on July 14, 2011, and sentencing is scheduled for October 6, 2011.

        Graham now moves, by counsel, (Dkt. #86), pursuant to FED. R. CRIM. P. 29(c) to set aside

the jury verdict and enter a judgment of acquittal.  The Government has responded in opposition

(Dkt. #87) to the motion.

        Graham's motion is in all respects denied.  The principal issue before the jury was whether

Graham knowingly possessed the firearm in question that was recovered from a yard relatively close

to where Graham was arrested.  In my view, there clearly was sufficient evidence that a reasonable

juror could find guilt beyond a reasonable doubt.

        The Government set forth in its response a detailed summary of the evidence.  That summary

is an accurate rendition of the facts.  They reflect that Graham led police on a high speed chase after

having been pulled over for a traffic stop; that he fled the vehicle after it crashed and took a path

through a suburban neighborhood where he was finally apprehended.  Within feet of that path, the

firearm in question was discovered.  It was an entirely reasonable inference for the jury to conclude

that it was Graham who discarded that firearm as he fled from the police and was about to be

apprehended.  There really was no other logical explanation as to how this firearm happened to

appear underneath the motor vehicle in the dead of night in this suburban Rochester neighborhood. It was entirely reasonable for the jury to conclude, based on all the facts and circumstances surrounding defendant's flight and apprehension, that it was he who tossed the firearm in an effort to avoid detection as he was about to be arrested.

In sum, there was substantial compelling circumstantial evidence that it was Graham that possessed the firearm in question just before he was arrested. Arguments were made by counsel at the time of trial, and the jury certainly was entitled to accept the inferences posited by the Government and reject the inferences put forward by the defendant. In sum, the evidence was more than sufficient to support the verdict and, therefore, defendant's motion must be, and hereby is, denied.

CONCLUSION

Defendant's motion (Dkt. #86) pursuant to FED. R. CRIM. P. 29(c) to set aside the jury verdict and enter a judgment of acquittal is in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        August 12, 2011.