UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                         Plaintiff,

                                                                  DECISION AND ORDER

                                                                  08-CR-6259L
                                                                 14-CV-6145L

         v.

OMARI A. GRAHAM,

                         Defendant.
_____

Defendant Omari Graham ("defendant") acting *pro se*, seeks to vacate and set aside the judgment against him, pursuant to 28 U.S.C. §2255. (Dkt. #119). Defendant contends that his trial counsel failed to provide effective assistance, and that he is innocent of the charge upon which he was convicted.

I have reviewed the defendant's submissions in detail, as well as the Government's response in opposition. Because I find that the defendant has failed to establish any constitutional violation, the motion to vacate is in all respects denied.

**PROCEDURAL HISTORY**

On December 11, 2008, defendant was charged in a three-count indictment with possession of a firearm by a felon ("Count 1") and possession of marijuana ("Count 2"). The third count of the indictment sought forfeiture of a firearm and ammunition. Count 2 was

dismissed prior to trial. A jury trial on Count 1 alone commenced July 11, 2011, and on July 14, 2011, the jury returned a verdict of guilty. (Dkt. #85). On October 20, 2011, the Court sentenced defendant principally to 96 months' imprisonment (Dkt. #94), and a written judgment was filed October 25, 2011. (Dkt. #95). Defendant appealed, and on October 27, 2011, the Second Circuit Court of Appeals affirmed the jury verdict. (Dkt. #112). This motion followed.

## **DISCUSSION**

To succeed on a claim of ineffective assistance, a defendant must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984).

Under the circumstances presented, I find that defendant has failed to demonstrate that but for his counsel's performance in any regard, the trial's outcome would have been different. The government produced substantial evidence at trial concerning defendant's prior felony conviction, and his possession of the firearm and ammunition at issue. Testimony at trial established that during a motor vehicle stop of a vehicle in which defendant was a passenger, the defendant abruptly fled – first in a high-speed chase in the motor vehicle, and after it crashed, on foot – from pursuing law enforcement officers. Testimony also established that defendant was observed running approximately 200 yards through a residential area, where he attempted unsuccessfully to hide. After defendant was apprehended, tracking dogs were able to trace the path along which he had run, and located a loaded handgun, resting beneath a parked minivan beside which defendant had passed. The owner of the property and the minivan testified that he

had never seen the handgun before, and that it had not been there when he parked his vehicle there a few hours prior. When arrested, defendant spontaneously declared that his "life [wa]s over." In light of the evidence presented, there was a sufficient factual basis for the jury to reasonably conclude that the loaded handgun had been "possessed" and then discarded by the defendant.

Defendant's counsel did not sit idly by while evidence unfavorable to his client was offered. Prior to trial, counsel moved to suppress defendant's statement that his "life [wa]s over" as well as other evidence, and argued ably – if not successfully – in support of that motion. At trial, he argued against the admissibility of various items of evidence, and successfully obtained rulings by the Court precluding the introduction of evidence concerning defendant's prior convictions involving possession of firearms. Defendant's counsel also filed proposed jury instructions favorable to the defendant, vigorously cross-examined witnesses, and delivered a summation urging acquittal, and providing alternative interpretations of the evidence in support. To the extent that the interpretations offered by counsel may have differed from the one defendant wanted him to relate to the jury, counsel's choice of theory was clearly strategic, and does not fall "outside the wide range of professionally competent assistance." *United States v. Haynes*, 729 F.3d 178, 196 (2d Cir. 2013).

Furthermore, the fact that the jury did not credit the interpretation of the evidence championed by defense counsel is not, by itself, suggestive of failure by counsel to provide effective assistance. Even after the verdict was rendered, defendant's counsel moved to set aside the verdict pursuant to Fed. R. Crim. Proc. 29, arguing that the evidence at trial was insufficient to convict, and later mounted a direct appeal on several grounds which, although they did not

ultimately prove successful, were competently presented and non-frivolous. *See United States v. Graham*, 504 Fed. Appx. 67 (2d Cir. 2012); (Dkt. #112).

In summary, I find no evidence that defendant's counsel's performance fell below prevailing professional norms, or that counsel otherwise provided ineffective assistance to defendant during his trial or appeal. Likewise, I find that the jury charge concerning possession was appropriate, and that counsel's failure to object to it was not improper.

## CONCLUSION

For the foregoing reasons, the defendant's motion to vacate pursuant to 28 U.S.C. §2255 (Dkt. #119) is in all respects denied. I decline to issue a certificate of appealability because defendant has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

Defendant's motion to proceed *in forma pauperis* (Dkt. #120) is denied, without prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 25, 2015.